58 A.3d 730

IN THE MATTER OF DANIEL N. SHAPIRO, AN ATTORNEY AT LAW (ATTORNEY NO. 041631984).

January 25, 2013.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 12–195, concluding that **DANIEL N. SHAPIRO** of **HACKENSACK,** who was admitted to the bar of this State in 1984, and who has been temporarily suspended from the practice of law since June 21, 2011, should be suspended from the practice of law for a period of three months for violating *RPC* 1.1(a) (gross neglect), *RPC* 1.1(b)(pattern of neglect), *RPC* 1.3(lack of diligence), *RPC* 1.4(g)(failure to adequately communicate with client), *RPC* 1.5(b)(failure to memorialize in writing the basis or rate of the fee), and *RPC* 8.1(b) (failure to cooperate with an ethics investigation);

And the Disciplinary Review Board having further concluded that prior to reinstatement to practice, respondent should be required to submit proof of his fitness to practice law and to comply with the prior Orders of the Court and that on reinstatement to practice, he should be required to practice under supervi-

sion for a period of two years and should not practice law as a sole practitioner;

And good cause appearing;

It is ORDERED that **DANIEL N. SHAPIRO** is suspended from the practice of law for a period of three months, effective immediately, and until the further Order of the Court; and it is further

ORDERED that prior to reinstatement to the practice of law, respondent shall submit to the Office of Attorney Ethics proof of his fitness to practice as attested to by a mental health professional approved by the Office of Attorney Ethics; and it is further

ORDERED that on reinstatement to practice, respondent; shall practice law under the supervision of a practicing attorney approved by the Office of Attorney Ethics for a period of two years and until the further Order of the Court; and it is further

ORDERED that respondent shall not practice law as a sole practitioner until the further Order of the Court; and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual

expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.